IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PEGGY MORGAN BENDER,          :
ADMINISTRATRIX OF THE ESTATE  :
OF DEJURNITTE BENDER,         :
                              :
    Plaintiff,                :
                              :
vs.                           :   CIVIL ACTION 09-0735-KD-M
                              :
MAZDA MOTOR CORPORATION, et al.,:
                              :
    Defendants.               :

## REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiff (Doc. 6) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332, pursuant to diversity (Doc. 1). After consideration, it is recommended that Plaintiff's motion be granted and that this action be remanded to the Wilcox County Circuit Court for all further proceedings.

The facts, very briefly, are as follows. On June 23, 2007, DeJurnitte Bender was driving his 1991 Mazda Miata MX-5 on County Road 32 in Wilcox County, Alabama when he became involved in a low-speed accident (Complaint, ¶¶ 13-14).[1] The car's "airbag improperly deployed causing [the driver's] injuries resulting in his death" (Complaint, ¶ 14). Plaintiff Peggy Morgan Bender is the surviving spouse and Administratrix of the Estate of

---

[1] The Complaint can be found at Doc. 1, pp. 40-67.

DeJurnitte Bender (Complaint, ¶ 1). Plaintiff brought this action in the Wilcox County Circuit Court, asserting the following claims against all of the Defendants: (1) The car was defective and unreasonably dangerous under the Alabama Extended Manufacturer's Liability Doctrine; (2) negligence; (3) wantonness; (4) negligent failure to warn; (5) wanton failure to warn; (6) breach of implied warranty (Complaint). The Defendants have been named as follows: Mazda Motor Corporation (Complaint, ¶ 2); Mazda North America Operations, Inc, Mazda Motor of America, Inc., Mazda North America, Inc., Mazda Research and Development of North America, Inc. (*id.* at ¶ 3); Ford Motor Company (*id.* at ¶ 4); Jimmy Pugh (*id.* at ¶ 5); J & G Auto Sales (*id.* at ¶ 6); Pugh Enterprises, Inc.[2] (*id.* at ¶ 7); and Fictitious Defendants Nos. 10-35 (Complaint, ¶¶ 46-72).

On November 10, 2009, the Defendants removed the action to this Court, asserting diversity jurisdiction (Doc. 1). Less than a month later, Plaintiff filed a Motion to Remand (Doc. 6). Defendants have responded to that Motion (Doc. 9) to which Plaintiff has replied (Doc. 11).

In its removal petition, Defendants allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1). In a removal action, the party asserting jurisdiction has the burden

---

[2] Pugh Enterprises was voluntarily dismissed from this action prior to the removal of this action (*see* Doc. 1, p. 1 n.1; *see also* Doc. 1, p. 36).

of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

In this action, the parties do not agree on whether the parties are actually diverse or the amount in controversy. The Court will take up the second of these prongs as it will dispose of the Motion and render unnecessary a discussion of the first prong.

As noted earlier, for this Court to entertain jurisdiction

3

over this action, it will be necessary for the Defendants to demonstrate that the amount in controversy exceeds $75,000. In the Complaint, Plaintiff seeks "punitive damages in an amount which will adequately reflect the wrongfulness of the defendants' conduct, which proximately caused DeJurnitte Benders' death" (Complaint ¶¶ 21, 26, 31, 36, 41, 44, 72). Though it appears seven times, it is the only statement in the Complaint regarding the value of this case.

In removing this action, Defendants note that the claims were brought under the Alabama Wrongful Death Act which allows for only punitive damages (*see* Doc. 1, p. 7). As support for their assertion that this action is clearly worth more than the jurisdictional requisite of $75,000, Defendants direct this Court's attention to a recent decision by one of our sister courts, the U.S. District Court for the Middle District of Alabama, *Roe v. Michelin North America, Inc.*, 637 F.Supp.2d 995 (M.D. Ala. 2009) (Doc. 1, p. 7).

The Court first notes that the Eleventh Circuit Court of Appeals, in *Lowery*, held that a party cannot determine the jurisdictional value of a case by gathering evidence from outside sources. *Lowery*, 483 F.3d at 1221. Specifically, the Court stated as follows:

> Defendants must establish the jurisdictional
> amount by a preponderance of the evidence.
> We note, however, that in situations like the
> present one-where damages are unspecified and

4

> only the bare pleadings are available-we are at a loss as to how to apply the preponderance burden meaningfully. We have no evidence before us by which to make any informed assessment of the amount in controversy. All we have are the representations relating to jurisdiction in the notice of removal and the allegations of the plaintiffs' [] complaint. As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon. *See Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir.1978) (noting, in a removed class action, that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate" on whether the jurisdictional facts existed).
>
> [W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

*Lowery*, 483 F.3d at 1211-12. These are plain spoken words. The Court has read *Roe*, but finds it unconvincing, especially in light of the strong dictate of *Lowery*.

In this action, the Court finds that the amount in controversy is not readily deducible from the documents before the Court. Defendants have failed to meet its burden of proving, by a preponderance of the evidence, that the amount in

5

controversy here meets the jurisdictional requirement of $75,000. As such, this action has been improperly removed to this Court.

Therefore, it is recommended that Plaintiff's Motion to Remand (Doc. 6) be granted and that this action be remanded to the Wilcox County Circuit Court for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 26th day of January, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE