# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

PEGGY MORGAN BENDER, :
ADMINISTRATRIX OF THE ESTATE :
OF DEJURNITTE BENDER, :
    Plaintiff, :
     :
vs. : CIVIL ACTION 09-0735-KD-M
     :
MAZDA MOTOR CORPORATION, *et al.*, :
    Defendants. :

## ORDER

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated January 26, 2010 is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand (Doc. 6) be **GRANTED** and that this action is hereby **REMANDED** to the Wilcox County Circuit Court for all further proceedings.

It is further **ORDERED** that Defendants' Motion to stay or certify for interlocutory appeal pursuant to 28 U.S.C. §1292(b) (Doc. 17) is **DENIED.** A motion to remand that is granted for lack of subject matter jurisdiction cannot be certified for interlocutory appeal under 28 U.S.C. §1447(d). In re WTC Disaster Site, 414 F.3d 352, 367 (2nd Cir. 2005) (concluding that § 1292(b) appeals are encompassed by the § 1447(d) prohibition); In re Bear River Drainage District, 267 F.2d 849, 851 (10th Cir. 1959) (footnote omitted) (providing that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. [ ] While the generality of § 1292(b) might seem sufficient to encompass a remand order, it does not expressly either amend or

1

repeal § 1447(d)[]"); Ray v. American Nat. Red Cross, 921 F.2d 324, 326 (D.C. Cir. 1990); Feidt v. Owens Corning Fiberglass Corp., 153 F.3d 124, 126-127 (3rd Cir. 1998) (holding that the Court of Appeals lacked jurisdiction under 28 U.S.C. § 1447(d) to hear an § 1292(b) interlocutory appeal from the order granting the motion to remand); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623 (8th Cir. 1997) (finding an order remanding a case to state court for lack of subject matter jurisdiction is not reviewable).

**DONE** and **ORDERED** this the **18th** day of **February 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**