IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEGGY MORGAN BENDER, Administratrix of the Estate of Dejurnitte Bender, Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION 09-00735-KD-M |
| MAZDA MOTOR OF AMERICA, *et al.*, Defendants. | ) ) ) |

**ORDER**

This matter is before the Court on Defendants' Rule 60(b)(6) "Motion for Relief from Order of January 27, 2010." (Doc. 20).

On February 18, 2010, this case was remanded due to lack of subject matter jurisdiction (and thus pursuant to 28 U.S.C. § 1447(c)) to the Circuit Court of Wilcox County, after consideration of the Magistrate Judge's January 26, 2010 Report & Recommendation. (Doc. 16; Doc. 19).

In support of the motion, Defendants cite (and attach) the Eleventh Circuit's decision in Roe v. Michelin N.A., Inc., 2010 WL 3033802 (11th Cir. Aug. 5, 2010) (a case in which a motion to remand was denied and that remand order was appealed), to "remedy a mistake in the application of the law[]" and vacate the granting of remand in this case. (Doc. 20 at 4; Doc. 20-1). Essentially, Defendants claim that the court erred in remanding the case in February 2010 because of a decision issued by the Eleventh Circuit in August 2010.

Despite Roe, Eleventh Circuit case law is clear that a district court loses jurisdiction upon remand. Specifically, when a case is remanded, pursuant to Section 1447(c), the district court is

1

precluded by Section 1447(d) from reconsidering that remand. The Court in Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992) stated that "[u]nquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration . . . by the district court [of its own remand order][]" (quoting Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979)). The Court also adopted the rationale of In re La Providencia Dev. Corp., 406 F.2d 251 (1st Cir. 1969), in which the First Circuit stated as follows:

> Removal in diversity case, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.
> . . . . .
> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than the phrase "on appeal or otherwise" [in § 1447(d) ]. The district court has one shot, right or wrong.

La Providencia, 406 F.2d at 252-253.

Accordingly, because this case was remanded to the Circuit Court of Wilcox County due to lack of subject matter jurisdiction, this Court lacks jurisdiction under 28 U.S.C. § 1447(d) to reconsider the remand order. Thus, Defendants' Motion (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** this the **9th** day of **September 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**